UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

MUHAMMAD JALAL DEEN AKBAR,

    Petitioner,

v.

Mr. BRIAN JETT, Warden,

    Respondent.

Civil No. 09-3035 (DSD/SRN)

**REPORT AND RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this case be summarily dismissed for lack of jurisdiction, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.    BACKGROUND**

In 1982, Petitioner was convicted in the United States District Court for the Central District of California on charges of "Aircraft-Piracy." (Petition, [Docket No. 1], p. 2.) According to the present habeas corpus petition, he received a "10 year minimum" sentence. (Id.) Petitioner is still serving his sentence at this time, and he is currently

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

incarcerated at the Federal Medical Center in Rochester, Minnesota.

Petitioner's conviction was upheld on direct appeal. United States v. Akbar, 698 F.2d 378 (9th Cir.), cert. denied, 461 U.S. 959 (1983). Petitioner also represents that he has challenged his conviction and/or sentence in at least one prior motion brought under 28 U.S.C. § 2255. (Petition, p. 3, ¶ 10.)

In addition, Petitioner has filed at least four prior habeas corpus petitions in this District, seeking relief under 28 U.S.C. § 2241. See Akbar v. Anderson, Civil No. 05-2632 (DSD/SRN); Akbar v. Terrell, Civil No. 07-4530 (DSD/SRN); Akbar v. Babcock, Civil No. 09-810 (DSD/SRN); and Akbar v. Jett, Civil No. 09-1592 (DSD/SRN). In most of Petitioner's prior § 2241 cases, he has not challenged the validity of his 1982 conviction and sentence, but rather, he has challenged only the manner in which his sentence has been executed by the federal Bureau of Prisons, and federal parole authorities. However, in Petitioner's last prior § 2241 case, (Civil No. 09-1592, [hereafter "the 09-1592 case"]), he did challenge the validity of his 1982 conviction.

In the 09-1592 case, Petitioner claimed that his 1982 conviction and sentence should be vacated, because he now has "new evidence" that purportedly shows he was suffering from "Post-Traumatic-Stress-Disorder" when he committed the crime for which he is imprisoned. Petitioner contended that if his new evidence had been presented during the course of his original trial court proceedings, he would have been exonerated. Based on the purported new evidence of "Post-Traumatic-Stress-Disorder," Petitioner claimed, in the 09-1592 case, that his conviction should be vacated, and he should be released from custody.

2

The 09-1592 case was summarily dismissed, because a federal prisoner normally cannot challenge the validity of his conviction or sentence in a habeas corpus action brought under 28 U.S.C. § 2241. This Court entered a Report and Recommendation, ("R&R"), in the 09-1592 case, which fully explained why the "exclusive remedy rule" of 28 U.S.C. § 2255(e) bars Petitioner from challenging his conviction and sentence in a § 2241 habeas petition. That R&R was adopted by the District Court Judge, and the 09-1592 case was summarily dismissed for lack of jurisdiction.

In the present habeas corpus action, Petitioner is once again trying to challenge the validity of his 1982 criminal conviction and sentence. Moreover, the grounds for relief advanced in the present petition are indistinguishable from the grounds presented in the 09-1592 case. Petitioner once again claims that his 1982 conviction should be vacated based on new evidence suggesting that he suffered from Post Traumatic Stress Disorder when he committed his crime. The Court now finds that the present petition must be summarily dismissed for the same reasons that caused the 09-1592 case to be dismissed.

## II. DISCUSSION

The 09-1952 case was summarily dismissed, because a federal prisoner cannot challenge his conviction or sentence in a habeas corpus proceeding, unless he can show that the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005). See also Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003) ("[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241"). No court has

jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence under 28 U.S.C. § 2241, unless the prisoner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255. See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same).

Here, Petitioner is clearly trying, once again, to overturn his 1982 federal criminal conviction. This case is indistinguishable from the 09-1592 case, which was summarily dismissed pursuant to the § 2255(e) exclusive remedy rule. Because Petitioner has not shown any reason to apply the "inadequate or ineffective remedy" exception, his present petition, like the previous one, is barred by § 2255's exclusive remedy rule. There is no need for any further explanation of that rule, or why it is applicable here. The apposite legal principles, and their application to Petitioner's case, were fully discussed in the R&R in the 09-1592 case, and there is no reason to repeat that entire discussion here.

Suffice it to say that in this case, as in the 09-1592 case, the Court finds that: (1) Petitioner's application for habeas corpus relief challenges the validity of his 1982 federal criminal conviction and/or sentence; (2) such challenges can be raised only in a motion for relief under 28 U.S.C. § 2255, unless the remedy provided by that statute is "inadequate or ineffective;" and (3) Petitioner has not shown that the remedy provided by § 2255 is "inadequate or ineffective," so as to excuse him from § 2255's exclusive remedy rule. Thus, the Court concludes that Petitioner's current § 2241 habeas corpus petition cannot be entertained here, and it is recommended that the petition be summarily dismissed for lack of jurisdiction. See DeSimone, 805 F.2d at 323-24 (§ 2241 habeas petition challenging

4

judgment entered in a different district was properly dismissed for lack of subject matter jurisdiction, where petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy).[2]

Finally, the Court notes that Petitioner has applied for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Because this action must be summarily dismissed for lack of jurisdiction, the Court recommends that Petitioner's IFP application be summarily denied.

### III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be summarily **DISMISSED** for lack of jurisdiction.

Dated: November 2, 2009

   s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **November 17, 2009,** a writing which specifically identifies those portions of this Report to which objections are made and the

---

[2] In light of Petitioner's repeated efforts to challenge his conviction and sentence under § 2241, the District Court Judge should, perhaps, consider whether it would be appropriate to restrict Petitioner's ability to file new actions in this District. If the District Court Judge does not elect to impose such restrictions at this time, Petitioner should consider himself forewarned that such restrictions may be imposed in the future, if he continues to file actions in this District that cannot survive the Court's initial sua sponte review.

basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.