UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 09-3035(DSD/SRN)

Muhammad Jalal-Deem Akbar,

        Petitioner,

v.                                  **ORDER**

Warden Brian Jett,

        Respondent.

This matter is before the court upon petitioner Muhammad Jalal-Deem Akbar's ("Akbar") pro se objections to the November 3, 2009, report and recommendation of Magistrate Judge Susan Richard Nelson and Akbar's motion to determine his mental health status. Based on a de novo review of the file, record and proceedings herein, the court adopts the magistrate judge's report and recommendation in its entirety and denies Akbar's motion.

**BACKGROUND**

In 1982, Akbar was convicted in the United States District Court for the Central District of California of aircraft piracy, and he is currently imprisoned at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester"). Akbar's conviction was upheld on direct appeal. See United States v. Akbar, 698 F.2d 378 (9th Cir. 1983), cert. denied, 461 U.S. 959 (1983). Akbar represents that he has challenged his conviction and sentence in at least one prior petition brought under 28 U.S.C. § 2255. (Pet. 3,

¶ 10.) Further background of this case is set out in orders addressing Akbar's previous applications for a writ of habeas corpus in this court. See, e.g., Akbar v. Jett, No. 09-cv-1592, 2009 WL 2256264, at *1 (D. Minn. July 28, 2009). Akbar filed the instant 28 U.S.C. § 2241 petition on October 28, 2009, challenging his conviction.[1] The magistrate judge recommends denying the petition and dismissing the action because 28 U.S.C. § 2255(e) bars Akbar from challenging his conviction in a § 2241 habeas petition. Akbar timely objected, asserting that the remedy available under § 2255 is inadequate or ineffective. Akbar also moves the court to determine whether he has post-traumatic stress disorder, ("PTSD") pursuant to 18 U.S.C. § 4245.

## DISCUSSION

**I. 28 U.S.C. § 2241**

The court reviews the report and recommendation of the magistrate judge de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b). A prisoner may only challenge his federal conviction or sentence by filing a § 2255 petition in the sentencing court unless he shows that the remedy available under § 2255 is inadequate or ineffective to test the legality of his conviction. See 28 U.S.C. § 2255(e); Hill v. Morrison, 349 F.3d

---

[1] The court liberally construes pro se pleadings. Papantony v. Hedrick, 215 F.3d 863, 865 (8th Cir. 2000).

2

1089, 1091 (8th Cir. 2003); United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (burden on prisoner).

The magistrate judge correctly determined that Akbar fails to show that a remedy under § 2255 is inadequate or ineffective. Akbar argues that his mental health was improperly considered by the sentencing court and asserts that reports of seven psychiatrists and psychologists "say I was not mentally responsible for [hijacking a commercial airliner in 1980]." (Pet'r's Mot. [Doc. No. 4] 1.) However, the medical reports submitted by Akbar do not support his assertion. (Cf. [Doc. No. 5] Exs. 1-7.) Furthermore, there is no evidence that Akbar's mental health issues could not have been raised at his trial, direct appeal or in a timely § 2255 petition. (Cf. id. Ex. 4 at 2 (reporting symptoms since 1980).) Even if this evidence is new, § 2255(h) allows Akbar to present "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense" to the court of appeals for the district in which he was tried. 28 U.S.C. § 2255(h).

In summary, the remedy Akbar seeks is not available from this court. The proper avenue for successive relief is a § 2255

petition to the Ninth Circuit Court of Appeals.[2]  Therefore, the court finds that the report and recommendation of the magistrate judge is well reasoned and correctly addresses Akbar's petition. Accordingly, the court overrules Akbar's objections and adopts the report and recommendation in its entirety.

**II.  Motion to Determine Present Mental Condition**

Petitioner also moves for an order "to determine whether Petitioner suffers from P.T.S.D. Post-traumatic Stress Disorder or Schizophrenia" pursuant to 18 U.S.C. § 4245.  (Pet'r's Mot. [Doc. No. 4] 1.)  Section 4245, however, addresses a prisoner's objection to being transferred to a suitable facility for care or treatment, not a prisoner's request for evaluation.  See 18 U.S.C. § 4245. Here, no transfer is contemplated: Akbar is already incarcerated in such a facility, the FMC-Rochester.  Additionally, § 4245 only allows an attorney for the United States, not a prisoner, to file a motion to determine the present mental condition of a prisoner. Even construing Akbar's request liberally, the court finds no basis on which to grant the motion.  Lastly, the records submitted by petitioner demonstrate that he has received mental health evaluations, including assessment of post-traumatic stress disorder, and treatments throughout his time at the FMC-Rochester.

---

[2] In a related case, Akbar claims that he did not have a rational understanding of the original charges filed against him. (See Pet'r's Reply Ex. 2, Dec. 26, 2009 in Civil Case No. 09-3073 (DSD/SRN).)  Such a claim, if new, is properly addressed to the Ninth Circuit under § 2255(h).

4

(See [Doc. No. 5] Exs. 1-7.)  Therefore, the court denies Akbar's motion.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. The court adopts the magistrate judge's report and recommendation [Doc. No. 3] in its entirety; and

2. Akbar's 18 U.S.C. § 4245 motion [Doc. No. 4] is denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  January 29, 2010

s/David S. Doty<br>
David S. Doty, Judge<br>
United States District Court